**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 10-0243-WS** |
| | ) | |
| **ALICE MOBLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's filing styled "Emergency Motion to Stay Prison Reporting Date" (doc. 151).[1]  The Motion has been briefed on an expedited basis, and is now ripe for disposition.

Almost ten months ago, on July 22, 2011, defendant Alice Mobley entered a plea of guilty to Count 1 (conspiracy to defraud the United States, in violation of 18 U.S.C. § 371), Count 42 (procuring false tax returns, in violation of 26 U.S.C. § 7206(2)), Count 80 (wire fraud, in violation of 18 U.S.C. § 1343), and Count 98 (aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(a)(1)).  After a sentencing hearing held on March 30, 2012, the undersigned entered a Judgment (doc. 143) on April 18, 2012, sentencing Mobley to a term of imprisonment of 75 months.  Significantly, that sentence included a term of 51 months on each of Counts 1, 42, and 80 (to be served concurrently), plus a 24-month consecutive sentence on the aggravated identity theft count (Count 98).  Mobley did not pursue a direct appeal from these convictions or the 75-month sentence, and the time for doing so has expired.

Pursuant to the Judgment,  Mobley is being permitted to self-surrender, and has been notified to report to the Federal Prison Camp in Marianna, Florida by no later than 2:00 p.m. on May 22, 2012.  Now, Mobley seeks an emergency stay of that reporting date until such time as

---

[1]  Defendant has also filed a Motion to File under Seal (doc. 154), appending exhibits that may be relevant to her Emergency Motion.  For cause shown, the Motion to File under Seal is **granted**, and the exhibits attached to that Motion will be maintained in the court file **under seal**.

her purportedly forthcoming Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 has been filed, briefed and decided.[2]

Mobley's Emergency Motion is silent as to the legal standard governing her request to remain out of prison during the pendency of her § 2255 petition. "[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *see also Braunstein v. Cox*, 2011 WL 6812548, *1 (D. Nev. Dec. 27, 2011) ("Every circuit that has actually decided this issue … has held that district courts do, in fact, possess such discretionary authority.").[3] To be eligible for such relief, a petitioner "must demonstrate a likelihood of success on the merits of a substantial constitutional claim" and "extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990); *see also Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) (similar); *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) ("In the habeas context, this court has reserved bail for extraordinary cases involving special circumstances," such as "a serious deterioration of health while incarcerated, and unusual delay in the appeal process"); *Morgan v. United States*, 1994 WL 182141, *1 (6th Cir. May 11, 1994) ("Exceptional circumstances must exist to warrant granting bail, along with a substantial likelihood of success in the § 2255 motion.").[4]

---

[2]     The Emergency Motion states that her § 2255 petition was "being filed today," presumably meaning May 16, 2012. (Doc. 151, ¶ 12.) As of the signing of this Order, however, no such § 2255 petition appears in Mobley's court file.

[3]     The policy reasons for restraint in granting this form of relief have been succinctly summarized as follows: "A defendant … who waived his right of appeal … is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Cherek*, 767 F.2d at 337.

[4]     The Government urges the Court to utilize the legal standard found at 18 U.S.C. § 3143(b); however, it is well established that this statute does not apply in the collateral attack context. *See, e.g., Mett*, 41 F.3d at 1282 ("The Bail Reform Act does not apply to federal prisoners seeking postconviction relief."); *Cherek*, 767 F.2d at 337 (similar); *Fonseca v. United States*, 129 F. Supp.2d 1096, 1098 (E.D. Mich. 2001) ("by its plain language, Section 3143 (Continued)

Mobley has made no showing even approaching the threshold of exceptional circumstances. Her filings are clear that her § 2255 petition (whenever it ultimately may be filed) will not challenge the validity of her guilty plea, but will instead focus on obtaining "a new sentencing so that she may challenge the monetary amount listed in the presentence report and the role enhancement adopted by the Court." (Doc. 151, ¶ 13.) Indeed, in an Affidavit dated May 16, 2012, Mobley writes, "I do not seek to vacate my conviction because I am guilty of the crimes to which I pled guilty. I only seek vacation of my sentence and an opportunity for a new sentencing hearing." (Doc. 154, Exh. B, at 1.) Assuming (without deciding) that Mobley's § 2255 claims have merit, then, her convictions on the counts to which she pleaded guilty will remain intact and she will be granted a new sentencing hearing to argue guidelines issues such as the monetary amount of tax loss and role in the offense enhancements. Even if all that were to happen, and even if Mobley were to succeed at resentencing in reducing the tax loss enhancement and eliminating the role in the offense enhancement, she would still be facing a prison sentence of at least two years. How do we know that? Recall that one of the offenses to which she pleaded guilty was aggravated identity theft. By statute, a person who commits that offense shall "be sentenced to a term of imprisonment of 2 years," consecutive to any other sentence imposed for the felony during which the means of identification was transferred, possessed, or used. 18 U.S.C. § 1028A(a)(1) & (b). The Court is confident that Mobley's § 2255 petition (assuming she files it promptly) can be resolved well in advance of the two-year sentence she must serve in any event for her admitted violation of § 1028A. There is no reason in the world to delay the commencement of her prison sentence for this offense any longer, and nothing in her § 2255 petition would alter or obviate the necessity that Mobley serve that sentence.

Simply put, petitioner has failed to demonstrate the presence of extraordinary and exceptional circumstances which make granting a stay of her prison report date necessary to

_____

appears to apply to direct appeals and not to collateral attacks. Therefore, this Court concludes that Petitioner is not entitled to relief under Section 3143."). In the § 2255 context, a petitioner seeking release while her petition is pending "must meet a more stringent standard than in a Section 3143 motion." *Fonseca*, 129 F. Supp.2d at 1098-99. This result is entirely sensible in light of the policy considerations referenced in footnote 3, *supra*.

preserve the effectiveness of her contemplated collateral attack on her sentence. Accordingly, in the exercise of its discretion and in the interest of finality of criminal proceedings, the Court **denies** the Emergency Motion to Stay Reporting Date (doc. 151). Per the original Judgment, Mobley must surrender for service of sentence at the institution designated by the Bureau of prisons as notified by the United States Marshal.

DONE and ORDERED this 18th day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE